JOHN L. BURRIS, ESQ., SB #69888
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT EDWARDS and BENJAMIN HAYWOOD IV, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.** |
| CITY OF OAKLAND, a municipal corporation; RICHARD WORD, in his capacity as Chief of Police for the CITY OF OAKLAND, Officer SAMMY KIM, individually and in his capacity as a police officer for the CITY OF OAKLAND; Officer SHANNON D. BARBOUR, individually and in her capacity as a police officer for the CITY OF OAKLAND; and CITY OF OAKLAND police officers DOES 1 through 100, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland,

County of Alameda, California, which is within this judicial district.  Venue is conferred upon this court by Title 28 United States Code section 1391(b).

## PARTIES

2.      Plaintiff GIILBERT EDWARDS ("Edwards") is a competent adult, and is at all times mentioned herein a citizen of the United States residing in Oakland, California.

3.      Plaintiff BENJAMIN HAYWOOD IV ("Haywood") is a competent adult, and is at all times mentioned herein a citizen of the United States residing in Oakland, California.

4.      Defendant CITY OF OAKLAND ("City") is a public entity, duly organized and existing under the laws of the State of California.  The City operates under its authority the Oakland Police Department.

5.      At all times mentioned herein, Defendant RICHARD WORD ("Word") was employed by Defendant City as Chief of Police.  He is being sued herein in his individual capacity, and in his official capacity as Chief of Police for the City.

6.      At all times mentioned herein, Defendant SAMMY KIM ("Kim") was employed by Defendant City as a police officer.  He is being sued herein in his individual capacity, and in his official capacity as a police officer for the City.

7.      At all times mentioned herein, Defendant SHANNON D. BARBOUR ("Barbour") was employed by Defendant City as a police officer.  She is being sued herein in her individual capacity, and in her official capacity as a police officer for the City.

8.      Plaintiffs are ignorant of the true names and capacities of Defendants DOES  1 - 100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the true names and capacities of Defendants DOES 1 – 100, inclusive, when they have been ascertained.

9.      In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In

engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as employees of the City.

10.     For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law.  Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

11.     On October 13, 2000, Plaintiffs GILBERT EDWARDS, BENJAMIN HAYWOOD IV and their friend Ralph Thurston were driving eastbound on MacArthur Blvd. when they saw their friend Tai Tu driving as well.  Both vehicles parked legally on MacArthur Blvd. at 82nd Avenue.  Plaintiffs Edwards and Haywood and their friend Thurston stood at the driver's window of Tu's car, not blocking any traffic, to speak with Tu.

12.     All three men were standing talking for several minutes when they were approached by Officer Todd Mork.  Officer Mork instructed the Plaintiffs and Thurston to walk over to the sidewalk.  They complied.  Officer Mork made contact with Thurston, asking him for identification.  Then he called for additional officers to come to the scene.  Defendants SAMMY KIM and SHANNON BARBOUR, who were in the same police patrol vehicle, responded to Officer Mork's call.

13.     Defendant Kim instructed Plaintiffs to turn around and place their hands on the wall behind them.  Plaintiffs complied.

14.     Defendant Kim asked Plaintiff Edwards about his involvement in this situation to which Plaintiff Edwards explained that he and his friends were just talking about where they wanted to go to hang out that evening.  Defendant Kim, without just cause or provocation, grabbed Plaintiff Edwards' arm, spun him around, and with Plaintiff Edwards' arm behind his back Defendant Kim slammed his face and body back into the wall.

15.     Defendant Kim, again without just cause or provocation, with his fists then struck Plaintiff Edwards to the right jaw and side of his neck, thus causing Plaintiff Edwards to hit the left side of his face against the wall.

16.     Defendant Kim continued to strike Plaintiff Edwards about the face and neck causing him to fall to the ground. While on the ground, Defendant Kim kicked Plaintiff Edwards in the stomach causing Plaintiff Edwards to curl into fetal position.  After several kicks, Plaintiff Edwards held Defendant Kim's leg to prevent any further injury.  Defendant Kim responded by kneeing Plaintiff Edwards to the face.  Defendant Kim then mounted Plaintiff Edwards and began choking him.

17.     During this time, Defendant Barbour, knew that there was no probable cause to arrest Plaintiff Edwards and that the Plaintiff did nothing to justify the force used by Defendant Kim.  Nevertheless, Defendant Barbour failed to intervene to stop Defendant Kim from subjecting Plaintiff Edwards to unreasonable and excessive force in her presence.

18.     Defendant Barbour handcuffed Plaintiff Haywood and placed him in the police patrol vehicle.

19.     Defendant Barbour returned to the sidewalk where Defendant Kim was still on top of Claimant Edwards choking him.  Defendant Kim raised his fist and threatened to hit Plaintiff Edwards in the face when Defendant Barbour grabbed Defendant Kim by the arm and yelled, "what are you doing," causing Defendant Kim to finally stop the beating.

20.     Plaintiff Edwards was also handcuffed and put in the police patrol vehicle with Plaintiff Haywood.

21.     Plaintiffs were falsely arrested and transported to jail where they were wrongfully imprisoned.  Plaintiffs spent several hours in jail before they were able to make bail.  As a result of the false arrests and police reports written, Plaintiffs were falsely charged with crimes that were ultimately dismissed.

22.     Plaintiff Edwards had not done anything to provoke or justify the above-described assault and battery upon him.  Further both Plaintiffs were unarmed.  The above-described assault and battery of Plaintiff Edwards and false arrest and imprisonment of both Plaintiffs was brutal, malicious, and done without any just provocation or cause, proximately causing injuries and damages to plaintiffs.

23.     Defendant City, by and through its supervisory employees and agents, Defendants WORD and DOES 1-100, inclusive, has and had mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, City, Word, and Does 1-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injuries to Plaintiffs.  City, Word, and Does 1-100, inclusive, breached their duty of care to Plaintiffs and other citizens in that they failed to adequately hire, retain, supervise, discipline, and train police officers, including defendants Kim and Barbour, and Does 1-10, inclusive, in the proper use of force, effecting proper arrests, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper use of force, effecting proper arrests, and treating citizens in a manner that is not racially discriminatory.  This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force, wrongful false arrests, and racially motivated misconduct by police officers employed by Defendant City.

24.     Based on information and belief, Plaintiffs allege that prior to the date of the subject incident involving plaintiffs, Defendants Kim and Barbour had on prior occasions engaged in acts of excessive force, and wrongfully arresting and imprisoning citizens which defendants City, Word, and Does 1-100, inclusive, were aware of for quite some time prior to the subject incident involving plaintiffs.  Based on information and belief, plaintiffs further allege that despite their knowledge of said defendant Oakland police officers' repeated and egregious misconduct, defendants City, Word, and Does 1-100, inclusive, failed to properly and adequately investigate and discipline said defendants for said repeated and egregious misconduct.

**DAMAGES**

25.     As a proximate result of Defendants' conduct, Plaintiffs suffered pain and physical injuries. As a further proximate result of Defendants' conduct, Plaintiffs suffered severe

and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of

security, dignity, and pride as United States citizens.

26.     Plaintiff Edwards was assaulted, battered and detained without any just

provocation or probable cause, by Defendants Kim and Barbour.  Plaintiff Edwards' physical

injuries included, but were not limited to the following: scrapes and lacerations to his knees,

bruises to his hip and mid-section, pain to his throat, soft tissue damage, and overall soreness to

his body.

27.     As a further proximate result of Defendants' conduct, Plaintiff Edwards incurred

medical expenses.

28.     The conduct of Defendants KIM and BARBOUR was malicious, wanton, and

oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said

defendant police officer employees of the City.

29.     Plaintiffs found it necessary to engage the services of private counsel to vindicate

their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees

incurred in relation to this action for violation of their civil rights.

### FIRST CAUSE OF ACTION
**(42 U.S.C Section 1983)**
**(Against Defendants KIM and BARBOUR)**

30.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1

through 29 of this complaint.

31.     In doing the acts complained of herein, Defendants Kim and Barbour, acted under

color of law to deprive Plaintiffs of certain constitutionally protected rights including, but not

limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the

        Fourth Amendment to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as

        guaranteed by the Fifth and Fourteenth Amendments to the United States

        Constitution;

c.     The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

d.     The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

e.     The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Against Defendants CITY, WORD, and DOES 1 through 100, inclusive)**

32.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 31 of this complaint.

33.     Defendant City, by and through its supervisory employees and agents, Word, Chief of Police for the City, and DOES 1 - 100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference to the civil rights and safety of Oakland citizens, City, Word, and DOES 1-100, inclusive failed to take necessary, proper, or adequate measures to prevent the violation of Plaintiffs' rights and injuries to Plaintiffs.  City, Word and DOES 1-100, inclusive, breached their duty of care to citizens in that they failed to adequately train police officers, including Defendants Kim and Barbour in the proper use of force, and/or failed to have adequate policies and procedures regarding the proper use of force.  This lack of adequate supervisorial training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive force by police officers employed by Defendant City.

34.     The acts of the Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendants City, Word, and DOES 1-100, inclusive, to the violation of the constitutional rights of citizens by the defendant police officers herein, and other

members of the Oakland Police Department ("OPD"). Plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of City, Word, and DOES 1-100, inclusive, to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Assault and Battery)
### (Against Defendants Kim and Barbour)

35. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 34 of this complaint.

36. Defendants Kim and Barbour placed Plaintiff Edwards in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause. Defendants committed assault and battery against Plaintiff Edwards by beating him with fists and knees, without any just provocation or cause.

37. Said Defendants' conduct was neither privileged nor justified under statute or common law.

38. As a proximate result of Defendants' conduct, Plaintiff Edwards suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendants Kim and Barbour)

39. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 38 of this complaint.

40. The conduct of Defendants Kim and Barrbour, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

41.     As a proximate result of Defendants' willful, intentional, and malicious conduct, Plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiffs are entitled to an award of punitive damages as against said Defendants.  Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against Defendants Kim and Barbour)

42.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

43.     The wrongful conduct of Defendants Kim and Barbour, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiffs.

44.     As a proximate result of Defendants' negligent conduct, Plaintiffs have suffered severe emotional and mental distress, having traumatic effect on Plaintiffs' emotional tranquility.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Violation of Civil Code Section 51.7)
### (Against Defendants Kim and Barbour)

45.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 of this complaint.

46.     Plaintiffs are informed and believe and thereon allege that the conduct of Defendants Kim and Barbour, as described herein, was motivated by racial prejudice against Plaintiffs.  All Plaintiffs herein were and are readily recognizable as African-American.  In engaging in such conduct, said Defendants violated Plaintiffs' rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against them because of their race.

47.     Under the provisions of California Civil Code Section 52(b), said Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

48.     As a proximate result of Defendants' wrongful conduct, Plaintiffs' suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Against Defendants Kim and Barbour)

49.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 48 of this complaint.

50.     The conduct of Defendants Kim and Barbour, as described herein, acting in the course and scope of their employment for Defendant City, violated California Civil Code Section 52.1.  Through the use of wrongful and excessive force against Plaintiffs, Defendants interfered with Plaintiffs' exercise and enjoyment of their civil rights.

51.     As a direct and proximate result of said Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violations of their constitutional rights, and suffered damages as set forth herein.

52.     Since said conduct of Defendants occurred in the course and scope of their employment, Defendant City is therefore liable to Plaintiffs pursuant to respondeat superior.

53.     Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants Kim and Barbour)

54.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 53 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

55.     At all times herein mentioned, Defendants Kim and Barbour were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force.  The wrongful conduct of said Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs to suffer injuries and damages as set forth herein.  Pursuant to Government Code Sections 815.2(a), Defendant City is vicariously liable to Plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of said Defendants.

56.     As a proximate result of said Defendants' negligent conduct, Plaintiffs suffered physical injury, severe emotional and mental distress and injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against Defendant City, Word, DOES 1 - 100, inclusive)**

57.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 56 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

58.     At all times herein mentioned, Defendant City by and through its supervisory employees and agents, Word, and DOES 1-100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, City, Word, and DOES 1-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiffs' rights and injury to Plaintiffs.  City, Word, and DOES 1-100, inclusive, breached their duty of care to citizens in that City, Word, and DOES 1-100, inclusive, failed to

adequately train the City's police officers, including Defendants Kim and Barbour, in the proper and reasonable use of force, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force.  This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by Defendant City.

59.     As a proximate result of Defendants City, Word, and DOES 1-100, inclusive, negligent conduct, Plaintiffs' suffered physical injury, and severe emotional and mental distress and injury having a traumatic effect on Plaintiffs' emotional tranquility, and incurred damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

60.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.  For general damages in an amount to be determined according to proof;

2.  For special damages according to proof;

3.  For punitive damages according to proof;

4.  For injunctive relief, pursuant to California Civil Code Section 52.1, enjoining Defendant City from authorizing, allowing, or ratifying the practice by any of its police officer employees from using excessive and unreasonable force against persons;

5.  For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.  For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7.  For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.  For costs of suit herein incurred; and

9.  For such other and further relief as the Court deems just and proper.

Dated: October 11, 2001                    **The Law Offices of John L. Burris**

_____

John L. Burris
Attorney for Plaintiffs